UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Eastern District of Kentucky
FILED
FEB 13 2014
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

JULIUS BLACK, )
)
    Petitioner, ) Civil No. 0: 13-163-HRW
)
V. )
)
WARDEN MICHAEL SEPANEK, ) **MEMORANDUM OPINION**
) **AND ORDER**
    Respondent. )

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Julius Black is an inmate confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without an attorney, Black has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Black's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573

(6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On February 17, 1999, Black was indicted in the United States District Court for the Western District of Kentucky for his role in a large operation to smuggle cocaine and marijuana from Texas and Florida to Louisville, Kentucky. On January 28, 2000, Black agreed in open court to plead guilty to two counts in the indictment. The terms of the plea agreement, recited by Black and the government before the court, included a stipulation that the drug quantity involved was between 3,000 and 10,000 kilograms of marijuana; a sentencing reduction for acceptance of responsibility; and that Black would be sentenced to a 262-month term of incarceration – the minimum for his offenses mandated by statute. After the court afforded the parties an opportunity to object to the presentence report, the court entered judgment on May 19, 2000, and sentenced Black to a 262-month term of incarceration for conspiracy to possess with intent to distribute cocaine, and to a concurrent 240-month term of incarceration for conspiracy to possess with intent to distribute marijuana. *United States v. Black*, No. 3:99-CR-26-01-S (W.D. Ky. 1999).

The Sixth Circuit affirmed Black's sentence on direct appeal. *United States v. Black*, 40 F. App'x 882 (6th Cir. 2002). The trial court subsequently denied five

motions to vacate filed pursuant to 28 U.S.C. § 2255 and two motions for a reduction of sentence filed pursuant to 18 U.S.C. § 3582(c). This Court has previously denied Black's petition for habeas relief pursuant to 28 U.S.C. § 2241 asserting claims under *Begay v. United States*, 553 U.S. 137 (2008), applying the well-established rule that challenges to a sentence do not fall within the scope of the savings clause. *Black v. Holland*, No. 0:10-CV-106-HRW (E.D. Ky. 2010).

In his current petition, Black indicates that he seeks relief under the Supreme Court's recent decision in *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013), where the Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155. Black alleges that his 262-month sentence was imposed based upon "elements that were missing from his indictment." [D. E. No. 1-1, p. 5] Black does not clearly explain what those "elements" were, but the Court infers from his petition that he is referring either to the quantity of drugs involved in the offenses of conviction, his prior offenses used to determine his prior criminal history category, or both. [D. E. No. 1-1, pp. 11-12, 16, 18-19]

Black's petition must be denied for several reasons. To the extent Black renews his challenge to the use of his prior convictions to enhance his sentence, those claims are substantively meritless for the same reasons discussed in the Court's rejection of his prior § 2241 petition. *Black v. Holland*, No. 0:10-CV-106-

HRW, 2011 WL 2115646 (E.D. Ky. May 24, 2011). He is also precluded from re-asserting them here under the abuse of the writ doctrine. *McClesky v. Zant*, 499 U.S. 467, 483-84 (1991). Finally, as expressly noted by the Supreme Court in *Alleyne*, the requirement that a jury find each of the predicate elements of a criminal offense does not apply to the fact of a prior conviction. *Alleyne*, 133 S. Ct. at 2160 n.1 (*citing Almendarez–Torres v. United States*, 523 U.S. 224 (1998)).

In *Alleyne*, the Supreme Court applied its precedent in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) to hold that if the existence of a particular fact would increase the applicable mandatory minimum federal sentence, that fact is an "element" of the crime that the jury must find beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2155 (*overruling Harris v. United States*, 536 U.S. 545 (2002)). However, *Alleyne* does not apply retroactively to cases on collateral review. *United States v. Potter*, No. 7:13-7290-DCR, 2013 WL 3967960, at *3 (E. D. Ky. July 31, 2013). Nor does it provide a basis for relief under § 2241. *Luney v. Quintana*, No. 6:13-CV-3-DCR, 2013 WL 3779172, at *3 (E.D. Ky. July 18, 2013). *See also Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139, at *4 (N.D. Ohio July 3, 2013) (holding that because *Alleyne* is a "sentencing-error case," it "does not decriminalize the acts which form the basis of Petitioner's conviction," and therefore may not serve as a basis for an actual innocence claim to fall within the scope § 2241); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir.

2012) (affirming denial of § 2241 petition challenging ACCA enhancement on ground that prior conviction for burglary did not constitute a "violent felony" under *Begay* because "it is a sentencing-error case, and claims of sentencing error may not serve as the basis for an actual innocence claim.").

Even if Black could raise a claim of error under *Alleyne* in a § 2241 petition, it would fail because the facts which gave rise to the sentence to which he now objects were not found by the sentencing court, but were expressly admitted by Black as part of his plea agreement. Black stipulated to a 262-month sentence as part of his plea. *Alleyne* and *Apprendi* are therefore not implicated because Black waived any right under the Sixth Amendment to a jury determination regarding sentencing factors. *Frazier v. Sepanek*, No. 13-CV-112-HRW (E.D. Ky. 2013); *United States v. Eziolisa*, No. 3:10-cr-39, 2013 WL 3812087, at *3 (S.D. Ohio July 22, 2013) ("the *Apprendi* line of cases does not apply at all to facts admitted by a defendant. When a defendant makes a valid waiver of jury trial, there is no occasion for any jury to make any finding in the case. And where a defendant goes further and admits the fact upon which the enhanced sentence depends, there is no occasion for a jury to find that fact either."); *Hawthorne v. United States*, No. 1:07-CV-30, 2007 WL 148842, at *3 n.6 (N.D. Ohio Jan. 16, 2007).

Accordingly, **IT IS ORDERED** that:

1. Black's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the docket.

This the 13th day of February, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge